## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-0609-MOC-DCK

| | | |
|---|---|---|
| LYNN CARLOS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| PRESBYTERIAN HOSPITAL, | ) | |
| DR. JAMES HARDY & GROUP, | ) | |
| MARLENE GOFORTH, SHERRY | ) | |
| WATSON, VICKY JOHNSON, NITA | ) | |
| HALEY, JUDY JOHNSON, DENISE | ) | |
| SPREEN, JUDITH POOLE, MICHAEL | ) | |
| VICCARO, DEIDRE KELLY, TAMMY | ) | |
| DUNCAN, CAROL CROWE, and | ) | |
| SHERLENE TUCKER, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motions To Dismiss"
(Document No. 21). This matter has been referred to the undersigned Magistrate Judge pursuant
to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the
record, and the applicable authority, the undersigned will respectfully recommend that the motion
be <u>granted</u>.

### I. BACKGROUND

*Pro se* Plaintiff Lynn Carlos ("Plaintiff") filed her "Complaint" (Document No. 1) on
November 29, 2010, alleging employment discrimination pursuant to Title VII of the Civil Rights
Act of 1964 as amended. Specifically, Plaintiff's Complaint contends that she was discriminated
against by the above-named Defendants with respect to her race and color, and that the
discriminatory acts against her included: termination of employment; denial of equal pay/work;
general harassment; and denial of short term disability. (Document No. 1, p.3). On March 29, 2011,

the presiding district judge, the Honorable Max O. Cogburn, Jr., issued an "Order" (Document No. 3) allowing Plaintiff to proceed *in forma pauperis*, and advising Plaintiff as follows:

> While plaintiff has not alleged the specifics of who did what to her, and how such acts violated federal law, it appears that plaintiff is attempting to assert Title VII claims, claims under the Equal Pay Act, and perhaps claims under the Americans with Disabilities Act. Federal courts do not resolve general employment grievances; rather, they resolve employment actions that plausibly allege violations of federal law and rights. **Plaintiff is advised such allegations may not pass plausibility review and could result in the dismissal of this action at a later date**.

(Document No. 3, p.2)(emphasis added).

On May 10, 2011, Defendants filed the pending "...Motions To Dismiss" (Document No. 21), along with a "Brief In Support Of Defendants' Motions To Dismiss" (Document No. 22). Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). (Document No. 22).

The undersigned issued an "Order" (Document No. 23) on May 11, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that she had the right to respond to "Defendants' Motions To Dismiss" (Document No. 21) on or before May 27, 2011, and that failure to do so would likely lead to the dismissal of this lawsuit.

Plaintiff has failed to file a timely response to the pending motion, or to otherwise appear in this lawsuit since her initial filing on November 29, 2010. As such, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

Defendants present three main arguments in support of their motion to dismiss: (1) Plaintiff failed to effect proper service on the individual Defendants; (2) individual Defendants as employees

and/or supervisors are not liable in their individual capacities under Title VII, and they were not identified in Plaintiff's EEOC "Charge Of Discrimination" as employer(s); and (3) the Complaint fails to meet the minimum requirements established by Twombly and Iqbal, and therefore fails to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 22). The undersigned finds Defendants' arguments to be persuasive and supported by relevant legal authority. Moreover, the undersigned does not find that Plaintiff has plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" or "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, 1960.

In particular, even liberally construing the *pro se* litigant's Complaint, the undersigned does not find a sufficient nexus between Plaintiff's claims of discriminatory acts and her race and/or color. For example, the Complaint asserts that Plaintiff was discriminated against because her care of Dr. Hardy's patients was interrupted; however, Plaintiff does not allege, nor do the facts suggest, that Plaintiff being relieved of duties with Dr. Hardy's patients had anything to do with her race and/or color. (Document No. 1, p.4). Likewise, Plaintiff has not presented adequate factual content for the Court to reasonably infer that her alleged termination, denial of equal work/pay, harassment, or denial of short term disability, were related to race and/or color.

The undersigned concludes that Plaintiff has failed to plausibly allege violations of federal law and rights, and therefore, dismissal of this action is appropriate.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motions To Dismiss" (Document No. 21) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14)** days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff by certified U.S. Mail.

**IT IS SO RECOMMENDED**.

Signed: June 7, 2011

David C. Keesler
United States Magistrate Judge

5